IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES BLAIN EATON, | ) |
| Petitioner, | ) ) ) |
| v. | ) CASE NO. 3:22-CV-51-WHA-SMD |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner James Blain Eaton filed a pro se 28 U.S.C. § 2241 petition on or around January 27, 2022. *See* Doc. 1. On February 8, 2022, the Court issued an Order striking the petition and directing Petitioner to file an amended petition in compliance with the directives in that Order. Doc. 3. The Court specifically cautioned Petitioner that if he failed to submit an amended petition in accordance with that Order and the Federal Rules of Civil Procedure, it would recommend that his case be dismissed for failure to comply with the Court's orders. *Id.* at 2. The Clerk attempted to mail Petitioner a copy of that Order at his provided service address[1]; however, on February 25, 2022, the postal service returned the document as undeliverable and with the following notation: "Return to Sender; Attempted – Not Known; Unable to Forward; Inmate Release."

Accordingly, on March 1, 2022, the Court issued an Order informing Petitioner that this case cannot proceed if his whereabouts remain unknown and directing him to show

---

[1] The last service address the Court has on file for Petitioner is the Montgomery County Detention Facility. *See* Doc. 1 at 47.

cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 4. The Court again cautioned Petitioner that if he failed to respond to the March 1 Order, the undersigned Magistrate Judge would recommend that this case be dismissed. *Id.* at 1. The Clerk again attempted to mail Petitioner a copy of that Order at his provided service address; however, on March 16, 2022, the postal service again returned the document as undeliverable and with the following notation: "Return to Sender; Attempted – Not Known; Unable to Forward; Inmate Released." Thus, to date, Petitioner has failed to respond to or comply with any of the Court's orders or take any action in this case since the filing of his initial petition.

    Because of Petitioner's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where the Court has made multiple attempts to contact Petitioner but his whereabouts remain unknown, the undersigned finds that

sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **April 7, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of March, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE